## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **SCOTT W. SMITH,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | )       **Case No.  CIV-11-11-W** |
| | ) |
| **BROCK JOHNS, Senior United States** | ) |
| **Probation Officer,** | ) |
| | ) |
| **Respondent.** | ) |

### REPORT AND RECOMMENDATION

Having reached his minimum release date, Petitioner was released from the U.S. Disciplinary Barracks, Fort Leavenworth, Kansas ("USDB") under Mandatory Supervised Release ("MSR") and was placed under Respondent's supervision.  Petition, Doc. No. 1, pp. 3 - 5; Response to Petition, Doc. No. 12, p. 1.  Petitioner, whose signature on the petition reflects his address as being in Marlow, Oklahoma,[1] filed his petition challenging the validity, legality, and terms of the MSR and likewise asserted that MSR was improper because he had "completed the term of confinement awarded to [him] by the General Courts-martial, minus the days off [his] sentence <u>earned</u> through Good Conduct and Work Abatement."  Petition, Doc. No. 1, p. 4.

Petitioner subsequently notified the court by letter written from Fort Leavenworth,

---

[1]Marlow, Oklahoma, is located in Stephens County, Oklahoma, and is within the territorial jurisdiction of the United States District Court for the Western District of Oklahoma.

Kansas, that, "I am writing to inform you that on 28 June, 2011, I was re-incarcerated for refusing to admit guilt to the offenses for which I was originally confined, as required by the Sex Offender Treatment Program I was attending as part of the involuntary parole I protested in my original filing." Letter, Doc. No. 16.  Because Petitioner was no longer in the territorial confines of the Western District of Oklahoma and under Respondent's supervision but was, instead, in the custody of the commandant of the USDB, the undersigned directed both parties to file statements "addressing the question of whether this court has lost its jurisdiction to effect any relief sought by Petitioner as well as any other issues implicated by Petitioner's re-incarceration, including the fact that he is no longer under [MSR], a Release that was supervised by the named Respondent."  Order, Doc. No. 17, p. 1.

Petitioner responded by arguing "that unlawful incarceration is still unlawful after completion of the sentence imposed or the prisoner's release, and must be corrected," that Respondent "was instrumental in my being detained in Grady County, and subsequently transported back to Kansas," and that this court

> still has within its power to correct this injustice.  By deciding that Mandatory Supervised Release, as implemented against me, is unlawful, and vesting in me the Good Conduct Time and Earned Work Abatement I had <u>earned</u> prior to departing Fort Leavenworth, this Court would effectively correct the wrongs committed under the Mandatory Supervised Release program.

Letter, Doc. No. 19.

Respondent, on the other hand, maintains that since Petitioner is no longer on MSR, his challenges to be being placed on MSR are moot.  Respondent's Response to Court Order [Doc. No. 17], Doc. No. 18, p. 1.  Nonetheless, Respondent concedes that "[p]otentially,

three non-MSR issues survive Petitioner's return to prison[.] *Id.* at p. 2.  These three issues are, (1) did Congress grant the Under Secretary of Defense for Personnel and Readiness the authority to change the nature of Good Conduct Time ("GCT") or Earned Abatement Time ("EAT") earned by an inmate in military confinement from "vested" to "held on abeyance"; (2) did Petitioner complete the term of confinement awarded by the general courts-martial less the days earned through GCT and EAT; and (3) did Petitioner voluntarily agree to surrender or allow his GCT or EAT to be withheld. *Id.*  Respondent suggests that these "sentence calculation issues are best determined at the place of confinement, Fort Leavenworth, Kansas.  Accordingly, pursuant to 28 U.S.C.§ 2241(b),[2] the Court should transfer the remaining issues, if any, to the U.S. District Court of Kansas." *Id.* at pp. 2 - 3. Finally, Respondent argues that because "Petitioner is now outside the territorial limits of the Western District of Oklahoma and no longer under the supervision of U.S. Probation Officer Brock Johns, . . . the Court no longer has jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus regarding petitioner's confinement." *Id.* at 3 - 4.[3]

As to Petitioner's challenges to his placement on MSR and to the conditions of that release, the undersigned agrees with Respondent that these issues are moot in light of Petitioner's re-incarceration.  Petitioner is no longer under MSR, and any determination

---

[2]28 U.S.C. § 2241(b) provides for transfer by the Supreme Court, any justice of the Supreme Court, or any circuit judge.

[3]Under the terms of the undersigned's order, Order, Doc. 17, Petitioner had the opportunity to respond to Respondent's arguments but has not done so.

3

made by this court as to the terms and conditions of the MSR would be to no effect.  *See Green v. Quintana,* No. 92-1207, 1993 WL 141124, at *1 (10th Cir. Apr. 28, 1993).  With respect to the three sentence calculation issues[4] identified by Respondent, the undersigned likewise  agrees that these three issues still present a live case or controversy.[5]  Nonetheless, jurisdiction over Petitioner's remaining habeas claims does not lie in the Western District of Oklahoma because this court lacks jurisdiction over his custodian, the commandant of the USDB.  *Rumsfeld v. Padilla,* 542 U.S. 426, 442 (2004).  Accordingly, it is recommended that Petitioner's claims regarding his placement on MSR as well as the conditions of the MSR be denied as moot and that all remaining claims be dismissed without prejudice to being refiled by Petitioner in a district court with jurisdiction to effect the execution of his sentence.[6]

### RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that Petitioner's claims regarding his placement on MSR as well as the conditions of the MSR be denied as moot and that all remaining claims be dismissed without

---

[4]Petitioner does not maintain that he was tried or sentenced by any tribunal within the Western District of Oklahoma or the State of Oklahoma.

[5]The only finding made by the undersigned is that these claims are viable and not that they are procedurally or legally valid.

[6]With regard to Respondent's transfer suggestion, transfer of an action by a district court is permitted pursuant to 28 U.S.C. § 1404.  *See Ulloa v. Ledezma,* 2009 WL 2351710 (W.D. Okla. Jul. 28, 2009).  Once again, Petitioner did not respond to Respondent's statement and has not sought a transfer.

prejudice to refiling. The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by December 22, 2011, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F. 2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 2nd day of December, 2011.


BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE